UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT BOLDEN, SR., ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-2288 (CEJ) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Robert Bolden, Sr., has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Presently before the Court is a motion for expedited review of alleged practices by the United States Bureau of Prisons in providing medical treatment to movant. Bolden, who suffers from diabetes, is presently confined in a BOP penitentiary in Terre Haute, Indiana. He alleges that BOP, in violation of its own policies, has not provided him the nutrition and medical monitoring required for controlling the disease. As a result, he faces a risk of serious injury that will impede his ability to pursue his motion to vacate and thereby deny him access to the courts. Bolden seeks an order directing BOP to comply with its guidelines for treatment of diabetic prisoners, to provide him proper medical and dietary care, and to transfer him to a medical facility. He also asks for discovery and an evidentiary hearing concerning the medical treatment he has received while in BOP custody.

It is well-established that a challenge to the execution of a sentence is not cognizable in a motion to vacate under 28 U.S.C. § 2255. Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002) (challenge to BOP's schedule for inmates' payment of monetary penalties not cognizable under § 2255); Bell v. United States, 48 F.3d 1042, 1043-1044 (8th Cir. 1995)(claim for credit for time served not cognizable under § 2255); Zabel v. U.S. Attorney, 829 F.2d 15, 17-18 (8th Cir. 1987)(challenge to application of

parole guidelines not cognizable under § 2255). It is evident from the relief Bolden requests *(i.e.)*, compliance with BOP's treatment guidelines, coordination of insulin and meals, transfer to a medical facility) that his motion presents a challenge to the execution of his sentence, not a challenge to the validity of his sentence. See Nichols v. Symmes, 553 F.3d 647, 649 (8th Cir. 2009)(appropriate to consider relief sought in determining whether petitioner was attacking underlying sentence or attacking execution of the sentence). Neither the allegation of denial of access to the courts nor the requests for a hearing and discovery will suffice to make the claims in his motion cognizable under § 2255.

The proper vehicle for challenging the execution of a sentence is a petition for habeas corpus pursuant to 28 U.S.C. § 2241(a). Bell, 48 F.3d at 1043. If Bolden wishes to pursue his medical care claims in a habeas proceeding, he must file the petition in the Indiana judicial district where he is incarcerated. United States v. Hutchings, 835 F.2d 185, 187 (8th Cir. 1987)( "a § 2241(a) habeas petition must be filed in the judicial district within which either the USPC or the prisoner's custodian is located."); Bell, 48 F.3d at 1043.

This Court lacks jurisdiction to consider the claims raised in Bolden's motion for expedited review. Accordingly,

**IT IS HEREBY ORDERED** that the movant's motion for expedited review [Doc. No. 43] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2012.