UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT BOLDEN, SR., | ) |
| Movant, | ) |
| vs. | ) Case No. 4:10-CV-2288 (CEJ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on respondent's motion to quash a subpoena issued by movant upon the Custodian of Attorney Continuing Legal Education Records of the Missouri State Bar. The subpoena requests production of "all records of the Continuing Legal Education programs involving jury selection attended by Michael Reilly… and Steven Holtshouser… from 1990 to 2006." See Doc. #179-1. Mr. Reilly and Mr. Holtshouser are Assistant United States Attorneys who prosecuted the underlying criminal case against movant Robert Bolden, Jr. Movant seeks to obtain these records to support Claim III of his motion to vacate, in which he asserts a claim based on <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986). Respondent argues that the subpoena should be quashed because (1) movant did not provide notice of service of the subpoena, (2) the materials subpoenaed are beyond the scope of discovery authorized by Rule 6(a) of the Rules Governing Section 2255 Proceedings, and (3) the materials are not relevant.

### I. Failure to Provide Notice

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, a copy of a subpoena must be served on each party to the case prior to service on the person to

whom it is directed. Movant failed to provide notice and a copy of the subpoena to respondent. Rather, the Missouri State Bar notified respondent of the existence of the subpoena. Movant is mistaken in his belief that Fed.R.Civ.P. 45(a)(4) does not apply to Section 2255 proceedings. The very subpoena issued by the Clerk of Court clearly states the text of that rule. See Doc. #179-1. Movant is now on notice that he must comply with this rule throughout the discovery process.

II. Scope of Rule 6(a)

The Court granted movant leave to conduct discovery on his claims pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings. Respondent's argument that petitioner is not entitled to discovery on his claims is akin to a motion to reconsider the Court's prior order granting leave to conduct discovery. A motion to quash is not an appropriate vehicle for relitigating issues that have already been decided. Thus, the Court will not consider respondent's argument on this point.

III. Relevancy

Under Rule 17(c) of the Federal Rules of Criminal Procedure, subpoenaed documents must be relevant. See United States v. Cole, No. 09-193 (MJD/AJB), 2010 WL 1526488, at *1 (D. Min. Apr. 15, 2010) (citing United States v. Nixon, 418 U.S. 683, 698-99 (1974)). Movant failed to address respondent's argument that the Missouri Bar Continuing Legal Education (CLE) records for programs involving jury selection attended by Mr. Reilly and Mr. Holtshouser are not relevant to his claims. The subpoenaed CLE records—which would only serve to reveal whether or not counsel attended any programs on jury selection—have no bearing on the issue of whether improper jury selection occurred in movant's case. Because the subpoenaed documents are not relevant, the subpoena will be quashed.

Accordingly,

**IT IS HEREBY ORDERED** that respondent's motion to quash [Doc. #179] is **granted**.

**IT IS FURTHER ORDERED** that the subpoena served on the Custodian of Attorney Continuing Legal Education Records for the Missouri State Bar is **quashed**.

**IT IS FURTHER ORDERED** that movant's motion for leave to file a surreply [Doc. #185] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of July, 2014.