UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT BOLDEN, SR., | ) |
| Movant, | ) ) ) |
| vs. | ) Case No. 4:10-CV-2288 (CEJ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

**<u>MEMORANDUM AND ORDER</u>**

Robert Bolden, Sr., has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Presently before the court is Bolden's motion for an order directing the United States Bureau of Prisons (BOP) to provide him proper access to counsel and legal resources. In the motion, Bolden claims that BOP employees have either interfered with or denied him phone calls, visits, and correspondence with his attorneys. He also claims that he has been deprived of adequate medical care and an appropriate diet required because of his diabetic condition.

Previously, Bolden filed a motion in which he complained of inadequate medical care and nutrition. [ECF Doc. # 43]. Because the motion raised a challenge to the execution of the sentence as opposed to the validity of the sentence, the court concluded that Bolden's claims were not cognizable in this § 2255 proceeding and denied the motion. [ECF Doc. # 80]. The instant motion suffers from the same defect. Bolden's current complaints about BOP's policies and practices with respect to medical care, nutrition, access to law library and computer services, and communications with counsel are the types of claims that are more appropriately raised in a motion for relief under 28 U.S.C. § 2241. *See*

Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995). As the court instructed in its earlier ruling, Bolden may pursue these claims by filing a petition in the federal judicial district where he is incarcerated. United States v. Hutchings, 835 F.2d 185, 187 (8th Cir. 1987)( "[A] § 2241(a) habeas petition must be filed in the judicial district within which . . . the prisoner's custodian is located."); Bell, 48 F.3d at 1043.

Finally, the court notes that Bolden did not serve a copy of his motion on BOP, even though he is seeking an order compelling certain action by the agency. In a § 2241 proceeding, BOP will have both notice of and the opportunity to respond to Bolden's claims. In this way, the reviewing court will hear the views of both sides and will be able to make a fully-informed decision.

Because this court lacks jurisdiction to consider the claims raised in the instant motion,

**IT IS HEREBY ORDERED** that the motion of Robert Bolden, Sr., for an order directed to the Bureau of Prisons [ECF Doc. #174] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2015.