UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT BOLDEN, Sr., | ) |
| | ) |
|    Movant, | ) |
| | ) |
|    v. | ) No. 4:10 CV 2288 CEJ |
| | ) |
| UNITED STATES OF AMERICA, | ) **THIS IS A CAPITAL CASE** |
| | ) |
|    Respondent. | ) |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO ALTER OR AMEND THE COURT'S JUDGMENT OF MARCH 21, 2016 (233), MOTION TO SUPPLEMENT (235), AND NOTICE AMENDMENT TO PETITIONER'S MOTION TO VACATE (236)**

COMES NOW the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Michael A. Reilly and Allison H. Behrens, Assistant United States Attorneys for said District, and for its Response in Opposition to Petitioner Robert Bolden's ("Bolden") Motion to Alter or Amend the Court's Judgment of March 21, 2016 (233), Motion to Supplement the Amended Motion to Vacate (235) and Notice Amendment to Petitioner's Motion to Vacate (236), states as follows:

**Motion to Alter or Amend Judgment**

1.  On March 16, 2016, the Court entered an Order and Memorandum denying Petitioner's § 2255 motion without an evidentiary hearing and denying a certificate of appealability. District Court Docket ("DCD") 230, 231. The Court addressed each of Petitioner's 17 arguments at length in a 70-page memorandum. The Court correctly concluded that the majority of Petitioner's claims were procedurally defaulted, as Petitioner could have raised these issues on appeal but did not, or the claims were procedurally barred, because Petitioner already presented the issue to the Eighth Circuit and therefore could not bring that same claim in a post-

conviction proceeding. Petitioner's remaining claims, which were rooted in the Sixth Amendment right to effective representation, were rejected by the Court on the merits, primarily given that Petitioner simply could not establish the "prejudice" prong of the *Strickland* analysis.

2. Petitioner argues that the Court should reconsider its order denying Petitioner's § 2255 motion because "the record demonstrates good cause to conduct discovery and presents numerous disputed issues of material fact which could not be resolved without an evidentiary hearing." Petitioner's motion, p. 5.

3. In support of his argument, Petitioner states that he has "presented this Court with thousands of pages of evidentiary support for his claim[s] … including witness declarations, expert reports, and records pertaining to Petitioner, his family, and witnesses in the criminal prosecutions." *Id*. Later, he repeats that the "thousands of pages of evidentiary support Petitioner presented for his claims for relief, requests for discovery, and requests for an evidentiary hearing, including witness declarations, counsel declarations, expert reports, and records pertaining to Petitioner, his family, and witnesses in the criminal prosecution, demonstrated both good cause for discovery and that there were disputed issues of material fact requiring an evidentiary hearing." Petitioner's motion p. 8. Petitioner contends this Court has "repeatedly failed to appreciate" all the evidence that supports his claims. *Id*. at 5-6.

4. The irony of Petitioner's statement is apparently lost on him. Petitioner has presented the Court with *thousands of pages of evidentiary support*. And, yet, Petitioner has been unable to establish in those *thousands of pages*, that he is entitled to the relief he seeks, additional discovery or an evidentiary hearing. And those thousands of pages don't take into consideration the thousands of additional pages of discovery to which Petitioner also has access, but which he did not feel relevant to file with the Court. Now, even though those *thousands of*

*pages* Petitioner has filed with the Court are clearly insufficient to demonstrate habeas relief, the need for more discovery or the necessity for an evidentiary hearing, Petitioner wants this Court to reconsider its ruling and grant Petitioner leave to conduct additional discovery, apparently with the hope that at some point he might find something remotely relevant in support of his claims. This is so, even though Petitioner is unable to provide the Court with anything more than rank speculation that any such evidence even exists.

      5.      The reality is that no discovery -- either that presently in Petitioner's possession, or in the discovery he wants to obtain in the speculative, nebulous conjecture that something *might possibly* exist that isn't already indicated in the thousands of pages of discovery he already has -- can overcome the very real hurdle in Petitioner's case. That is, nearly *all* of Petitioner's claims were decided by the Eighth Circuit and rejected *or* Petitioner failed to raise his claims on direct appeal and therefore is barred herein from raising them. Further, with respect to those ineffective assistance of counsel claims that were properly before the Court, Petitioner cannot establish prejudice. The Court, in its analysis of those claims, repeatedly concluded that, even if counsel were ineffective in the various ways articulated (meaning, accepting Petitioner's unsupported claims as true), Petitioner cannot establish that the outcome of his proceedings would have differed.

      6.      The Court has firmly establish that Petitioner's claims are time barred, procedurally barred, refuted by the record, and/or fall far short of establishing prejudice. Therefore, the Court's dismissal of Petitioner's claims was proper and nothing set forth in Petitioner's motion to alter or amend warrants a different conclusion.

**Motion to Supplement/Amendment to Motion to Vacate**

7.  Petitioner requests leave of Court to supplement his amended motion to vacate claiming retroactive application of *Johnson v. United States,* 135 S. Ct. 2551 (2015) under *Welch v. United States,* 136 S. Ct. 1257 (2016). Specifically, Petitioner claims that, post-*Johnson*, federal bank robbery under 18 U.S.C. § 2113(a) no longer qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(B)'s risk clause because he asserts that *Johnson* requires a ruling that that provision of the statute is unconstitutionally vague. Therefore, he argues that his § 924(c) convictions for possessing a firearm in furtherance of a crime of violence is now unconstitutional.

8.  There are two alternative clauses defining "crime of violence." The first, § 924(c)(3)(A), is commonly referred to as the "use of force" or "elements" clause. The second, § 924(c)(3)(B), is commonly referred to as the "residual" or "risk" clause. According to Petitioner, under *Johnson*, the residual or risk clause is no longer constitutionally viable. Therefore, in order for Petitioner's § 924(c) convictions to remain valid, his bank robbery must fall within the "use of force" or "elements" clause.

9.  In *Johnson v. United States,* 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause portion of the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e)(2)(B)(ii) ("or otherwise involves conduct that presents a serious potential risk of physical injury to another"), was unconstitutionally void for vagueness. *Id.* at 2557. The Supreme Court held in *United States v. Welch*, 136 S. Ct. 1257 (2016), that the rule in *Johnson* was a substantive new rule that is retroactive on collateral review. However, *Johnson* had no effect on the force clause of 18 U.S.C. § 924(e)(2)(B)(i) which defines a violent felony as one that "has as an element the use, attempted use, or threatened use of physical force against the

person of another." *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, *or the remainder of the Act's definition of a violent felony*.") (Emphasis furnished).

10. Similarly, *Johnson* is not applicable to the identically worded force clause in 18 U.S.C. § 924(c)(3)(A), the statute under which Petitioner was convicted, which defines a crime of violence as a felony which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

11. Petitioner contends that his federal bank robbery conviction under 18 U.S.C. § 2113(a) does not qualify as crime of violence under the force clause of § 924(c)(3)(A). However, his argument is contrary to the law. In *United States v. Boman*, 810 F.3d 534, 543 (8th Cir. 2016), which was decided after *Johnson*, the Eighth Circuit considered a challenge to a defendant's prior convictions for use of a firearm during the commission of a "violent crime," namely, the federal crimes of robbery, 18 U.S.C. §2111, and assault with intent to commit robbery, 18 U.S.C. § 113(b). *Id.* at 542. In that post-*Johnson* case, the Court noted that the elements of a § 2111 robbery were that a defendant "by force and violence, or by intimidation, take from a person or presence of another anything of value." *Id.* at 542-543. The Court held that conviction "had as an element the 'attempted use, or threatened use of physical force against the person of another,'" and therefore qualified as a violent felony under the ACCA.

12. Other courts have held that bank robbery under § 2113(a) is a crime of violence under the force clause of § 924(c)(3)(A). In *United States v. McNeal,* 818 F.3d 141 (4th Cir. 2016), also issued post-*Johnson*, the Fourth Circuit considered whether armed bank robbery under 18 U.S.C. §2113(d) was a violent felony. The defendant there argued that armed bank robbery did not have as an element the use, attempted use, or threatened use of physical force.

The Government contended that bank robbery in violation of § 2113(a) satisfied the force clause of § 924(c)(3)(A) because it included the element that property must be taken "by force and violence, or by intimidation." *Id.* at 151. The Court focused on this element and found that it met the standard for a "crime of violence" under the force clause of § 924(c)(3)(A). The Court stated:

> In assessing whether bank robbery qualifies as a crime of violence under the § 924(c)(3) force clause, we do not write on a blank slate. Twenty-five years ago in *Adkins*, our esteemed former colleague Judge Hall explained that "armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *See* 937 F.2d at 950 n. 2 (quoting 18 U.S.C. § 924(c)(3)(A)). We also ruled decades ago that a § 2113(a) bank robbery is a crime of violence under the force clause of Guidelines section 4B1.2, which is nearly identical to the § 924(c)(3) force clause. *See United States v. Davis*, 915 F.2d 132, 133 (4th Cir.1990); *accord Johnson v. United States*, 779 F.3d 125, 128–29 (2d Cir.2015); *United States v. Wright*, 957 F.2d 520, 521 (8th Cir.1992); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir.1991); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir.1990); *United States v. Maddalena*, 893 F.2d 815, 819 (6th Cir.1989).

*McNeal,* 818 F.3d at 152-53.

The Court concluded:

> Bank robbery under § 2113(a), "by force and violence," requires the use of physical force. Bank robbery under § 2113(a), "by intimidation," requires the threatened use of physical force. Either of those alternatives includes an element that is "the use, attempted use, or threatened use of physical force," and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3).

*Id.* at 153.

In *United States v. Mitchell,* 2015 WL 7283132 (E.D. Wisc., Nov. 17, 2015), the district court rejected the defendant's argument that the element "by force and violence, or by intimidation" was insufficient to qualify as a "crime of violence" under the force clause of § 924(c)(3)(A). The court stated that, "[b]ecause intimidation requires a threat, albeit in some cases

an implied threat, of violent physical force, robbery is a crime of violence within the meaning of section 924(c) even though it can be committed by intimidation rather than actual violence." *Id.* at *2 (citing *United States v. Enoch*, 2015 WL 6407763, at *5-7 (N.D. Ill. Oct. 21, 2015)).

The district court stated:

> I accordingly join those courts holding, post-*Johnson*, that robbery offenses qualify as crimes of violence under the force clause. See, e.g., *United States v. Bruce*, No. 14-CR-442, 2015 U.S. Dist. LEXIS 144108, at *3-4, 2015 WL 7450244 (N.D. Tex. Oct. 13, 2015) (bank robbery); *Strong*, 2015 U.S. Dist. LEXIS 143053, at * 4-5, 2015 WL 6394237 (same); *see also United States v. Anglin*, No. 14-CR-3, 2015 U.S. Dist. LEXIS 151027, at *19-20, 2015 WL 6828070 (E.D. Wis. Nov. 6, 2015) (Clevert, J.) (Hobbs Act robbery); *United States v. Brownlow*, No. 15-cr-34, 2015 U.S. Dist. LEXIS 144784, at *14-15, 2015 WL 6452620 (N.D. Ala. Oct. 26, 2015) (same); *United States v. Hunter*, No. 12cr124, 2015 U.S. Dist. LEXIS 144493, at *5, 2015 WL 6443084 (E.D. Va. Oct. 23, 2015) (same); *United States v. Evans*, No. 15-CR-57, 2015 U.S. Dist. LEXIS 142477, at *15, 2015 WL 6673182 (E.D.N.C. Oct. 20, 2015) (same); *United States v. Melgar-Cabrera*, No. CR 09-2962, 2015 U.S. Dist. LEXIS 145226, at *11 (D.N.M. Aug. 24, 2015) (same).

*Mitchell,* 2015 WL 7283132*,* at *3. *See also United States v. Green,* 2016 WL 277982 (D. Md., Jan. 21, 2016) (armed bank robbery is a "crime of violence" under the force clause of § 924(c)(3)(A)).

13.     The Eighth Circuit has also held that a violation of the bank robbery statute, §2113(a), is a "crime of violence" as defined by United States Sentencing Guideline § 4B1.2(a)'s "use of force" clause. *United States v. Wright,* 957 F.2d 520 (8th Cir. 1992). Section 4B1.2(a) defines a crime of violence as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." It mirrors the § 924(c)(3)(A) definition of crime of violence. In *Wright*, the Court stated:

> To obtain a conviction for robbery under 18 U.S.C. § 2113(a), the Government must show the defendant took property "by force and violence, or by intimidation." "Intimidation means the threat of force." *United States v. Jones*, 932 F.2d 624, 625 (7th Cir.1991); see *United*

> *States v. Selfa*, 918 F.2d 749, 751 (9th Cir.), *cert. denied*, 498 U.S. 986, 111 S. Ct. 521, 112 L.Ed.2d 532 (1990). Because use or threatened use of force is an element of robbery, a person convicted of robbery has been convicted of a crime of violence. *United States v. Wilson*, 951 F.2d 586, 588 (4th Cir.1991); *Jones*, 932 F.2d at 625; *United States v. McAllister*, 927 F.2d 136, 138 (3d Cir.), *cert. denied*, 502 U.S. 833, 112 S. Ct. 111, 116 L.Ed.2d 80 (1991); *Selfa*, 918 F.2d at 751; *United States v. Gonzalez-Lopez*, 911 F.2d 542, 548 (11th Cir.1990), *cert. denied*, 500 U.S. 933, 111 S. Ct. 2056, 114 L.Ed.2d 461 (1991).

*Wright,* 957 F.2d at 521. *See also United States v. Mayotte,* 76 F.3d 887 (1996).

The strength of the language in the indictment speaks for itself. Count II of the superseding indictment alleged, among other things, that "the defendant herein, acting with others, by force, violence and intimidation, did attempt to take from the person and presence of another United States currency…."  Clearly, federal bank robbery as defined in 18 U.S.C. § 2113(a) is a crime of violence or violent felony under the force clause.

14.     Petitioner contends that federal bank robbery cannot be a crime of violence under § 924(c)(3)(B) because that provision is unconstitutionally vague under *Johnson*. As discussed above, the federal bank robbery charged was classified as a "crime of violence" under § 924(c)(3)(A), and did not rely on § 924(e)(2)(B) at all.  However, even if it had been so classified, because *Johnson* invalidated only the residual clause portion of 18 U.S.C. § 924(e)(2)(B) as vague, the holding did not affect the risk clause of § 924(c)(3)(B), which is different than the ACCA's residual clause.

15.     Section 924(c)(3)(B) (the risk clause), defines a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." In *Johnson*, the Court examined § 924(e)(2)(B) (the Armed Career Criminal Act) which defined a violent felony as an offense that is "burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that*

*presents a serious potential risk of physical injury to another."* The closing words of this definition, italicized above, are the "residual clause." *Id.* at 2555-56.

The Supreme Court held that the residual clause was void for vagueness. *Johnson* reasoned that several factors in § 924(e)(2)(B)'s residual clause combined to render the provision vague, while recognizing that "[e]ach of the uncertainties in the residual clause may be tolerable in isolation." *Id.* at 2560. However, section 924(c)(3)(B)'s risk clause is not a "residual clause" because it does not have the combined set of factors that coalesced in *Johnson* to persuade the Court that the residual clause was unconstitutionally vague. *United States v. Taylor,* 814 F.3d 340 (6th Cir. 2016); *see also United States v. Prickett, Jr.*, 2015 WL 5884904 (E.D. Ark. Oct. 8, 2015). Section 924(c)(3)(B)'s risk clause does, like the ACCA's residual clause in § 924(e)(2)(B), require analysis of the risks posed in an ordinary case under a particular offense. However, § 924(c)(3)(B) differs from the ACCA's definition of "violent felony" in several important respects.

16.     First, § 924(c)(3)(B)'s risk clause does not have the structure of § 924(e)(2)(B)(ii)'s residual clause, which contains a list of enumerated crimes and an "otherwise" provision that introduces the residual clause. *Taylor,* 814 F.3d at 377.  *Johnson* found that the differences among the enumerated crimes and lack of clarity on the degree of risk each posed magnified the vagueness concerns in assessing levels of risk under the residual clause. *Id.* at 2557-58. That same issue does not exist in connection with the risk clause of 924(c)(3)(B).

17.     Second, one of the uncertainties the Court identified in the residual clause is that it required courts to go "beyond evaluating the chances that physical acts that make up the crime will injure someone" and even to evaluate the potential for injury "after" the offense elements have been carried out. *Id.* at 2257, 2559 (noting that "remote" physical injuries may qualify, but

the determination of "how remote is too remote" is not answered by the residual clause). Section 924(c)(3)(B), in contrast, addresses that issue by requiring that force must be used "in the course of committing the offense." *Taylor,* 814 F.3d at 377.

18.  Third, *Johnson* emphasized the inability of the Court's own cases to develop a "principled and objective standard," and the pervasive confusion among lower courts, as a demonstration of the residual clause's "hopeless indeterminacy." *Id.* at 2558-60. Section 924(c)(3)(B)'s risk clause has not generated any comparable confusion in either Supreme Court or lower court cases.  *Taylor,* 814 F.3d at 378.  Bank robbery "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Moreover, as stated above, the underlying circumstances of the crime of violence are far from indeterminate. On the contrary, the federal bank robbery was proved to the jury beyond a reasonable doubt in this very case.

19.  *Johnson* simply has no bearing on Petitioner's conviction under 18 U.S.C. § 924(c). Therefore, his motion to supplement his amended motion to vacate should be denied.

**WHEREFORE**, for the reasons stated herein, the Government respectfully requests that the Court deny Petitioner's motion to alter or amend the judgment and deny Petitioner's motion for relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015).

    Respectfully submitted,

    RICHARD G. CALLAHAN
    United States Attorney

    *s/ Allison H. Behrens*
    ALLISON H. BEHRENS, #38482MO
    Assistant United States Attorneys
    111 South 10th Street, 20th Floor
    St. Louis, MO 63101
    (314) 539-6894

**CERTIFICATE OF SERVICE**

 I hereby certify that on July 1, 2016, the foregoing was filed electronically with the Clerk of the Court for service upon all parties of record.

<em>s/ Allison H. Behrens</em><br>
ALLISON H. BEHRENS, #38482MO