UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT BOLDEN, SR., | ) |
| Movant, | ) ) ) |
| vs. | ) Case No. 4:10-CV-2288 (CEJ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is the motion of Robert Bolden, Sr., for leave to amend his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response in opposition.

Following a jury trial, Bolden was found guilty of conspiring and attempting to commit bank robbery and, in so doing, killing a security guard with a firearm, in violation of 18 U.S.C. §§ 2113(a), (e) and (f) (Counts I and II); using a firearm during and in relation to the attempted bank robbery in Count II, in violation of 18 U.S.C. §§ 924(c)(1),(j)(1) and 2 (Count III); and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count IV). He received the death sentence on Counts II and III. After the convictions were affirmed on appeal, Bolden filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On March 21, 2016, the Court denied the motion to vacate.

Bolden now seeks leave to amend his motion to vacate in order to assert a new claim based on the decision of the United States Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551 (2015). In the proposed new claim, Bolden asserts that the attempted bank robbery charge in Count II no longer qualifies as a "crime

of violence" after *Johnson*. Thus, he argues, his conviction under 18 U.S.C. § 924(c)—using a firearm during and in relation to a crime of violence, *i.e.*, the attempted bank robbery—is invalid.

In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." 18 U.S.C. § 924(e)(1). The term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563.

Bolden was not sentenced under the ACCA. Instead, he was found guilty of violating 18 U.S.C. § 924(c)(1) by using a firearm during a "crime of violence." The term "crime of violence" as used in § 924(c)(1) means a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). The "elements" language in § 924(c)(3)(A) is almost identical to that in 924(e)(2)(B)(i). In *Johnson* the Court made it clear that its ruling pertained only to the residual clause of the ACCA. *Johnson*, 135 S.Ct. at 2563 ("Today's decision does not call into

2

question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."]. Thus, Bolden cannot claim that *Johnson* invalidated the "elements" language of § 924(c)(3)(A).

The definition of "crime of violence" in § 924(c)(3) contains no "otherwise involves" language like the definition of "violent felony" in 924(e)(2)(B)(ii) which the Supreme Court found unconstitutional. Nevertheless, Bolden asserts that the "risk" clause of § 924(c)(3)(B) is not materially different from the "otherwise involves" language in 924(e)(2)(B)(ii) and, thus by extrapolation, the "risk" clause is equally unconstitutional. Thus, he argues, his conviction under § 924(c)(1) can be sustained only if the offense of bank robbery under 18 U.S.C. § 2113(a) meets the definition of crime of violence in § 924(c)(3)(A)——*i.e*, it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

Section 2113(a), the bank robbery statute under which Bolden was convicted provides, in relevant part:

> Whoever, *by force and violence, or by intimidation, takes, or attempts to take from the person or presence of another*, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both. [emphasis added]

In *United States v. Boman*, 810 F.3d 534 (8th Cir. 2016), a case decided after *Johnson*, the court held that the defendant's prior conviction for using a firearm during the commission of a violent crime was a predicate offense that qualified him as an armed career criminal. The "violent crime" in dispute was federal robbery under 18 U.S.C. § 2111, which the court held was a "crime of violence" as defined in

3

§ 924(c)(3)(A). *Id*. at 542-43. In reaching its decision, the court considered the statutory language of § 2111 which provides that robbery is committed when a person "by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value." Thus, the court reasoned, the defendant's federal robbery conviction "had as an element the 'attempted use, or threatened use of physical force against the person of another.'" *Id.* at 543 [*quoting* 18 U.S.C. § 924(c)(3)(A)].

More recently, in *United States v. Allen*, 836 F.3d 894 (8th Cir. 2016), the Eighth Circuit considered the motion of a movant convicted of armed bank robbery for authorization to file a successive § 2255 motion based on the *Johnson* decision. The court denied the motion, "because bank robbery in violation of 18 U.S.C. § 2113(a) and (e) is a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)." *Id.* [*citing Boman*, 810 F.3d at 543]. Courts in other circuits have reached the same conclusion. In *United States v. Armour*, 2016 WL 6440383 at *2 (7th Cir. 2016), the court held that the *Johnson* decision was inapplicable to a defendant convicted under 18 U.S.C. § 924(c)(1)(A), "because the federal crime of attempted bank robbery qualifies as a crime of violence under the 'elements' clause of the definition, which is not unconstitutionally vague." Likewise, in *In re Hines,* 824 F.3d 1334, 1337 (11th Cir. 2016), the court wrote "a conviction for armed bank robbery clearly meets the requirement . . . to include as an element, 'the use, attempted use, or threatened use of physical force against the person of property of another.'" Finally, in *United States v. McNeal*, 818 F.3d 141, 152-53 (4th Cir. 2016), the court ruled that "armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force . . .'".

Based on the foregoing, the Court concludes that Bolden's conviction under §

4

924(c) is not invalidated by the decision in *Johnson*. Therefore, he would not be entitled to relief based on the claim asserted in the proposed amendment.

Accordingly,

**IT IS HEREBY ORDERED** that the movant's motion to amend the motion to vacate, set aside, or correct sentence [Doc. # 235] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of November, 2016.